# ALAN D. LEVINE

ATTORNEY AT LAW

80-02 KEW GARDENS ROAD

KEW GARDENS, NEW YORK 11415

ALAN D. LEVINE
———
SUSANNE RAMKISHUN

(718) 793-6363

FAX: (718) 261-0317

E-MAIL: alan.levine@alandlaw.com

December 17, 2021

**VIA ECF**
Honorable John P. Cronan
United States District Judge
500 Pearl Street
New York, New York 10007

Re: <u>Ramlogan v. Caputo, et al.</u>
20 CV 5879 (JPC)

Dear Judge Cronan:

    I am the attorney for the plaintiff in the above-referenced action. I write to request an extension of the discovery deadlines in the action, *nunc pro tunc*, for forty-five days. A proposed CMO is annexed hereto. Defendants' attorney has informed me that he cannot consent to this request.

    As Your Honor is aware, there have been previous adjournments of the discovery deadlines in this action because the attorneys for the parties were having an unusual amount of difficulty in obtaining plaintiff's medical records from providers located in the state of Florida. Those records were finally obtained and, consequently, plaintiff's deposition was conducted on December 9, 2021.

    Shortly before plaintiff's deposition was conducted, the attorney for the defendants mentioned to me that Joseph Caputo, the defendant in this action, had been incorrectly made a defendant because he had not been appointed to the position of deputy warden, security at the Anna M. Kross Center until July 29, 2017, one day subsequent to the incident in which plaintiff was injured by other inmates. Defendants' attorney provided me with a document confirming this information on December 10, 2021.

    The attorney for defendants also pointed out to me that the date of defendant Caputo's appointment had originally been provided "on information and belief" in a footnote contained in defendants' answer, filed on November 9, 2020. I do not deny that I failed to notice this footnote when I was served with defendants' answer. However, as I have pointed out to the attorney for defendants, the courts have held that allegations made in a pleading are not to be presented in the form of a footnote and that, if they are,

---

The extension request is granted. The Court enters the attached amended Case Management Plan in an accompanying order.

SO ORDERED.

Date: December 24, 2021

New York, New York

*/s/ John P. Cronan*

JOHN P. CRONAN
United States District Judge

the footnote should be stricken.  Allianz Global Investors GH v. Bank of America Corp., 473 F. Supp. 3d 361, 366 (S.D.N.Y. 2020); Torres v. Goddard, 2008 WL 1817994, at *1 (D. Ariz.); Kearns v. Ford Motor Co., 2007 WL 5110308 (C.D. Cal.), at *3 (2007).

When the attorney for the defendants brought my attention to the fact that defendant Caputo had evidently mistakenly been made a defendant in this action.  I asked him why he had not previously informed me of this fact.  He answered by pointing out that I had never served interrogatories requesting, in response to the aforementioned footnote, the name of the person who allegedly held the position of deputy warden, security at A.M.K.C. on the date plaintiff was injured.  I, in turn, pointed out to the attorney for the defendants that the name of this person had not been included in the list of persons who might have information with regard to the subject matter of this action in defendant's initial disclosures and that defendants had never fulfilled their obligation to update this list of persons with knowledge by providing me with the name, pursuant to Fed. R. Civ. P. 26(e)(1)(A).

We thus have arrived at a point where I still do not know the name of the person whose deposition I should be taking, either prior to, or instead of, that of defendant Caputo.  Consequently, I am asking this court to direct the attorney for the defendants to provide me with the name and present address of that individual.  I will also serve upon the attorney for the defendants, along with this motion, an interrogatory requesting that information, although I continue to maintain that defendants' attorneys failed to fulfill their obligation to provide it to me without prompting.  Once I have received that person's name and taken that person's deposition, I shall ask the attorney for the defendants to stipulate to either my adding that person as a defendant or substituting that person for defendant Caputo.  If there is a refusal to so stipulate, I shall make a motion pursuant to Fed. R. Civ. P. 15(c)(1)(C).

Finally, I wish to apologize to this court for any burden I have placed upon it by not being fully diligent in litigating this action.  Even though I maintain that defendants' placing part of a pleading in a footnote was improper, I should have taken note of the footnote and have pursued discovery of the name of the person whose last date as deputy warden of security at A.M.K.C. happened to be the day on which plaintiff was assaulted. I also apologize to the court for making this motion several days after the fact discovery deadline in this action.  My only excuse for that is that my office, whose personnel has been reduced and which still functions remotely a large part of the time, has been very busy with almost daily depositions in several cases for several weeks.

I thank the court for its consideration of the requests made in this motion.

Very truly yours,

Alan D. L.

ALAN D. LEVINE, ESQ.

ADL/sr
cc: Andrew B. Spears, Esq.