

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREW B. SPEARS**
*Assistant Corporation Counsel*
Phone: (212) 356-3159
Fax: (212) 356-1148
Email: aspears@law.nyc.gov

May 3, 2023

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Surujpaul Ramlogan v. Wendy White, et al.</u>,
     20 Civ. 5879 (JPC)

Your Honor:

  I am the Assistant Corporation Counsel assigned to represent defendants the City of New York and former New York City Department of Correction ("DOC") Deputy Warden of Security Wendy White in the above-referenced matter. Defendants write to respectfully request the Court's permission to file a pertinent excerpt of non-party inmate Donovan Bailey's DOC infraction history under seal, in connection with defendants' forthcoming motion for summary judgment. Plaintiff's counsel has consented to this request.

  On April 14, 2023, Your Honor endorsed the parties' proposed briefing schedule in connection with defendants' forthcoming motion for summary judgment. (<u>See</u> ECF No. 83). Defendants are prepared to timely file their motion on May 5, 2023. (<u>See id.</u>). In support of their motion, defendants intend to attach, as an exhibit, an excerpt from the DOC infraction history for Donovan Bailey, one of the inmates that is alleged to have assaulted plaintiff on July 28, 2017. This particular document was previously disclosed to plaintiff pursuant to the parties' Stipulation of Confidentiality and Protective Order, which was endorsed by Your Honor on June 21, 2022. (<u>See</u> ECF No. 56).

  Mr. Bailey is not a party to this action, nor has he authorized this Office to discuss his DOC infraction history. Moreover, defendants respectfully submit that the weight of the presumption of public access to Mr. Bailey's DOC infraction history is negligible, and that countervailing factors (*e.g.*, Mr. Bailey's privacy) are easily sufficient to overcome the presumption of access. <u>See</u> <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 124–25 (2d Cir. 2006). As such,

defendants respectfully submit that any documents pertaining to Mr. Bailey's DOC disciplinary and/or infraction history cannot be filed on the public docket, and that, in particular, access to Mr. Bailey's pertinent DOC infraction history should be limited to the parties and the Court.

In light of the foregoing, defendants respectfully request that the Court permit defendants to file Donovan Bailey's DOC infraction history under seal.

Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

*Andrew B. Spears*      /s

Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA ECF**
Alan D. Levine, Esq.
*Attorney for plaintiff*

Because the public interest in viewing Mr. Bailey's history of infractions and discipline is negligible, and because Mr. Bailey has a considerable interest in the privacy of his infraction and disciplinary history, the motion to file Mr. Bailey's infraction and disciplinary history under seal is granted.

SO ORDERED
Date: May 4, 2023
New York, New York

JOHN P. CRONAN
United States District Judge

- 2 -