UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SURUJPAUL RAMLOGAN,

                        Plaintiff,

        - against -

WENDY WHITE and THE CITY OF NEW YORK,

------------------------------------------------------------------------X

                        Defendants.

20 CV 5879 (JPC)

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2421

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................................................ii

PRELIMINARY STATEMENT...............................................................1

FACTS..........................................................................................1

STANDARD OF REVIEW....................................................................2

ARGUMENT....................................................................................3

    **I. Defendant White was Deliberately Indifferent to the Risk
    Presented by the Inmate Who Led the Assault on Plaintiff...........3**

    **II. Defendant White is Not Entitled to Qualified Immunity..............6**

    **III. Adjudicating Plaintiff's Monell Claim at This Stage of the
    Proceeding Would Be Premature.............................................7**

CONCLUSION..................................................................................9

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2015) ......................................................................................3, 6

Beyer v. Cty. of Nassau, 524 F.3d 160 (2d Cir. 2008).........................................................................2

Brown v. Henderson, 257 F.3d 246 (2d Cir. 2001) ............................................................................3

Darnell v. Pineiro, 849 F. 3d 17 (2d Cir. 2017) ................................................................................4

Davis v. Murphy, 2018 WL 10070524 (S.D.N.Y.)............................................................................2

Deal v. Yurack, 2007 WL 2789615 (N.D.N.Y.)..................................................................................7

Decayette v. Goord, 2009 WL 1606753 (N.D.N.Y.) ..........................................................................7

Dister v. Cont'l Grp., Inc., 859 F.2d 1108 (2d Cir. 1988) ................................................................3

Dodds v. Richardson, 614 F. 3d 1185 (10th Cir. 2010) ....................................................................6

Edwards v. City of New York, 2015 W L 5052637 *5-*6 (S.D.N.Y.) ...............................................8

Fletcher v. Atex, Inc., 68 F.3d 1451 (2d Cir. 1995) ..........................................................................3

Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219 (2d Cir. 1994) ............................3

Harnage v. Dzurenda, 2022 WL 972438 (D. Conn.)........................................................................6

Hemphill v. Schott, 141 F. 3d 412 (2d Cir. 1998) .............................................................................6

Hicks v. Baines, 593 F.3d 159 (2d Cir. 2010) ...................................................................................3

Kramer v. Dep't of Correction, 2019 WL 4805152 (D. Conn.)........................................................4

Krynski v. Chase, 707 F. Supp. 2d 318 (E.D.N.Y. 2009) .................................................................3

Monell v. Dep't of Social Services, 436 U.S. 658 (1978)...................................................................7

Outlaw v. City of Hartford, 884 F. 3d 351 (2d Cir. 2018) ................................................................8

Salaam v. Stock, 2023 WL 3579770 (N.D.N.Y.)...............................................................................7

Sanchez v. Nassau County, 2023 WL 2457855 (E.D.N.Y.)............................................................4, 8

Spinelli v. City of New York, 579 F.3d 160 (2d Cir. 2009) ...............................................................3

Stone #1 v. Annucci, 2021 WL 4463033 (S.D.N.Y.) ......................................................................3, 4

Tangreti v. Bachmann, 983 F. 3d 609 (2d Cir. 2020) .......................................................................3

Taylor v. City of New York, 2018 WL 1737626 (S.D.N.Y.)............................................................4, 5

Yi Fu Chen v. Spring Tailor, LLC, 2015 WL 3953532, (S.D.N.Y.) ...................................................3

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff, Surujpaul Ramlogan, submits this memorandum of law in opposition to the motion for summary judgment brought by defendants. Plaintiff contends that he has alleged a cause of action for deliberate indifference and has shown why defendant White is not entitled to qualified immunity and why he should be permitted to pursue his Monell claim.

## FACTS

On July 28, 2017, plaintiff, Surujpaul Ramlogan, was being held in Dormitory 2 Upper of the Anna M. Kross Correctional Center ("AMKC") on Rikers Island. At about 11:00 P.M. on that date, he had returned to his bed after using the bathroom when he was accosted by an inmate named Donovan Bailey. Bailey accused Mr. Ramlogan of having made "a big mess" in the bathroom and insisted that Mr. Ramlogan accompany him to the stall that Mr. Ramlogan had just used. Mr. Ramlogan complied and went into the bathroom with Bailey. Once inside the bathroom, Mr. Ramlogan was brutally assaulted by Bailey and two other inmates acting in concert with him.

Following his being beaten, Mr. Ramlogan managed to make his way to the door of the "bubble," where the correction officers supervising the dormitory were stationed. Mr. Ramlogan banged on the door and window of the bubble until one of the correction officers ask him what had happened. Mr. Ramlogan told the correction officer the names of the three inmates who had assaulted him. The officer showed Mr. Ramlogan photographs of the three inmates, from which he was able to confirm the identities of his three assailants. A PROBE team was called to the dormitory by a captain. What

1

remained of Mr. Ramlogan's personal property was retrieved and he was taken, first to the jail's medical clinic and, from there, to Bellevue Hospital.

On the day that Mr. Ramlogan was assaulted, defendant Wendy White was the Deputy Warden of Security at the Anna M. Kross Center.  Among her responsibilities was that of making sure that inmates were housed properly according to their classifications.  Pursuant to a department policy, gang members, also known as security risk group (SRG) inmates were distributed amongst the jail's housing areas.  Donovan Bailey, the inmate who had led the attack on Mr. Ramlogan, was not only a member of a gang -- The Folk Nation -- but had also previously been involved in at least one fight with another inmate.

Housing Area 2 Upper had its own unit supervisor, an assistant deputy warden, who reported to defendant White.  Defendant White testified at her second deposition, however, that no investigation would have been made into whether or not the three inmates who assaulted Mr. Ramlogan had been involved in any prior fights or had been infracted.

## STANDARD OF REVIEW

The standard that courts follow in determining motions for summary judgment on any subject matter was stated in Davis v. Murphy, 2018 WL 10070524 (S.D.N.Y.) at *5 as follows:

> Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v.

2

Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1114 (2d Cir. 1988)). "'[T]hat opposing parties assert competing versions of the same event is not in itself sufficient to preclude summary judgment,' in that contradictory testimony only establishes a 'genuine' issue for trial if it 'lead[s] to a different legal outcome.'" Yi Fu Chen v. Spring Tailor, LLC, 14 Civ. 218 (PAE), 2015 WL 3953532, at *4 (S.D.N.Y. June 29, 2015) (quoting Krynski v. Chase, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (internal quotation marks and citation omitted)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.... [M]ere conclusory allegations or denials ... cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and citations omitted)).

## ARGUMENT

### I. Defendant White Was Deliberately Indifferent to the Risk Presented by the Inmate Who Led the Assault on Plaintiff.

Prior to the United States Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2015), a prison or jail supervisor could be held liable for the grossly negligent act of a subordinate that resulted in harm to an incarcerated individual. As the decision in Tangreti v. Bachmann, 983 F. 3d 609 (2d Cir. 2020) made clear, however, liability for deliberate indifference after Iqbal must now be "established against the supervisory official directly." Id., at 618. In other words, an inmate plaintiff must be able to demonstrate that a defendant supervisor was aware of, yet deliberately indifferent to, a risk that the inmate might be assaulted. Id., at 619.

The court, in Stone #1 v. Annucci, 2021 WL 4463033 (S.D.N.Y.), however, made clear that the Second Circuit's decision in Tangreti left open the possibility of a court's

3

finding that a defendant with policymaking responsibility who allows an unconstitutional practice, such as deliberate indifference, to continue, can still be found liable for violating an incarcerated individual's rights. Id., at *8-9.

Plaintiff in this action contends that, as part of her job duties as Deputy Warden of Security at the AMKC, defendant White had not "mere notice," but rather, "actual subjective knowledge" (Id., at *10) of Donovan Bailey's having engaged in a fight with another inmate prior to the date of his assaulting plaintiff. Even that one instance was sufficient to have put her on notice of his violent propensities. See, Kramer v. Dep't of Correction, 2019 WL 4805152 (D. Conn.) at *4. Nevertheless, she took no action until after Mr. Ramlogan had been seriously injured to have Donovan Bailey transferred out of Dormitory 2 Upper.

> [T]o establish supervisory liability for a Fourteenth Amendment deliberate indifference claim against Defendant [White], Plaintiff must establish [White's]" deliberate indifference to a substantial risk of serious harm"; (1) that "challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) that [White] "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety:"

Sanchez v. Nassau County, 2023 WL 2457855 at *32 (E.D.N.Y.), quoting, Darnell v. Pineiro, 849 F. 3d 17, at 35 (2d Cir. 2017). Darnell goes on to hold that "the 'subjective prong' (or 'mens rea' prong) of a deliberate claim is defined objectively." Id. Thus, a defendant's "subjective state of mind is no longer part of the test for the mens rea prong of a deliberate indifference claim." Taylor v. City of New York, 2018 WL 1737626 (S.D.N.Y.) at *12.

4

Thus, in order to determine "if there is a genuine issue of material fact as to whether Defendant [White] created or continued an unconstitutional policy, practice, or custom and did so with deliberate indifference"… this court "must examine whether Plaintiff has established genuine disputes of material fact that could create (1) an inference that Defendant [White] knew or should have known of a serious risk of harm or injury to detainees; and (2) an inference that Defendant [White] intentionally or recklessly disregarded that risk by failing to enact adequate policies and practices to protect against it." Id.

Plaintiff contends that he has met his burden of showing that there is a genuine issue of material fact with regard to the responsibility of defendant White for his injuries. The deposition testimony of both defendant White and her successor, Joseph Caputo, confirm that the Deputy Warden of Security was responsible for reviewing reports of inmate fights and for supervising the Assistant Deputy Warden in charge of Dormitory 2 Upper.  Furthermore, the New York City Board of Correction's report regarding serious injuries in New York City's jails' makes clear that, during the time period involved in this action, AMKC had a severe inmate-on-inmate violence problem that continued to grow more serious and dangerous to individuals incarcerated in that jail.  It is important to note that the kind of information contained in that report, a copy of which is annexed to the declaration of Alan D. Levine in this action, is considered by courts in determining whether a person in defendant White's position "was or should have been on notice of a

significant number of complaints of assaults" at the time Mr. Ramlogan was attacked and injured.  See, Sanchez at *32. [1]

The case of Harnage v. Dzurenda, 2022 WL 972438 (D. Conn.) makes clear, at *8, that, after the Supreme Court's decision in Iqbal, 42 U.S.C. §1983 "allows a plaintiff to impose liability upon a defendant supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights ... secured by the Constitution." Quoting, Dodds v. Richardson, 614 F. 3d 1185, 1199 (10th Cir. 2010).

Clearly, plaintiff has met his burden of alleging a deprivation of his rights as a result of deliberate indifference by defendant White to the danger that he was exposed to when he was being held in Dormitory 2 Upper of the AMKC.  Thus, defendants have failed to show that they are entitled to summary judgment in this action.

## II. Defendant White is Not Entitled to Qualified Immunity.

Defendant White contends that she is entitled to qualified immunity in this action and, thus, even should she not succeed in showing that she displayed no deliberate indifference to plaintiff, his suit should, nevertheless, be dismissed.  The relevant law, however, makes it clear that when, as herein, there is a dispute between the parties about the material facts in the action, qualified immunity is not appropriate.  Hemphill v. Schott, 141 F. 3d 412, 418 (2d Cir. 1998).

---

[1] The Board of Correction is an agency established by §626 of the New York City Charter and has, as two of its responsibilities, the following:  The evaluation of the Department of Correction's performance and the establishment of "minimum standards for the care, custody, correction, treatment, supervision, and discipline of all persons held or confined under the jurisdiction of the department; ....

6

Thus, in <u>Salaam v. Stock</u>, 2023 WL 3579770 (N.D.N.Y.) at *7 the court denied a correction officer qualified immunity on an inmate's claim of deliberate indifference resulting in his failure to protect the inmate from an assault because the inmate had raised a question of fact with respect to that claim.  In reaching that conclusion, the court cited <u>Decayette v. Goord</u>, 2009 WL 1606753 at *12 (N.D.N.Y.) in which it had found that the defendant therein was not entitled to summary judgment on qualified immunity grounds "because triable issues of fact existed as to whether she was deliberately indifferent to a serious medical need" of the plaintiff.  Similarly, in <u>Deal v. Yurack</u>, 2007 WL 2789615 (N.D.N.Y.) at *14, the court adopted the magistrate judge's recommendation that an inmate's claim against correction personnel for retaliation and excessive force should not be dismissed on qualified immunity grounds because the court was "not currently positioned to determine defendant's entitlement to qualified immunity from suit" because whether they had violated plaintiff's constitutional rights "depend[ed] upon the resolution of fact issues similar to those identified as precluding the entry of summary judgment on the merits of plaintiff's ... claims."

Consequently, as plaintiff maintains that he has raised issues of fact with regard to the actions of defendant White sufficient to preclude her being awarded summary judgment with regard to the substantive issues in this action, she is not entitled to qualified immunity.

### III. Adjudicating Plaintiff's <u>Monell</u> Claim at This Stage of the Proceedings Would Be Premature.

This court has stated that it will determine whether or not plaintiff may have discovery on his cause of action brought pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978) once this motion for summary judgment is decided.  Defendants,

nevertheless, have moved to have the Monell claim dismissed as part of the
determination of this motion. They request this relief despite their admission, in a
footnote to their memorandum of law, that plaintiff has not had an opportunity for
discovery on his claim brought pursuant to Monell.

It is important for this court to note that a municipality may be found liable not just
for injury caused by an explicitly stated municipal rule or regulation but also "for its
inaction if, in its failure to act it 'exhibited deliberate indifference to constitutional
deprivations caused by its subordinates.'" Outlaw v. City of Hartford, 884 F. 3d 351,
372 (2d Cir. 2018). (Citations omitted).

Plaintiff's reliance on the report produced by the Board of Correction, a New York
City agency charged with supervising the Department of Correction, the agency that
employed defendant White, certainly provides grounds for initiating a claim pursuant to
Monell. Should plaintiff be permitted by this court to proceed with his Monell claim, he
intends to discover other sources of admissible evidence that he can use in proving his
case. Thus, defendants' disparagement of plaintiff's citation to the Board of Correction's
report of serious injuries in the city's jails is misplaced.

Plaintiff does point out, however, that he believes the aforementioned report to
be just as reliable a source of information, if not even more so in some instances, than
the sources that the court found sufficient for a Monell claim to proceed in Edwards v.
City of New York, 2015 W L 5052637 at *5-*6 (S.D.N.Y.). Plaintiff points out that the
court in Sanchez v. Nassau County, supra, relied on similar sources in upholding the
claim of deliberate indifference. Thus, should this court find that defendants are not

8

entitled to summary judgment in this action, it should provide plaintiff with an opportunity to proceed with his <u>Monell</u> claim.

## **CONCLUSION**

Defendants' motion should be denied in its entirety.

Dated: Forest Hills, New York
      August 4, 2023

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2421

TO:   SYLVIA O. HINDS-RADIX, ESQ.
      Corporation Counsel
      Attorney for Defendants
      100 Church Street
      New York, New York 10007
      (212) 356-3159

9