UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

SURUJPAUL RAMLOGAN,

Plaintiff,

-against-

WENDY WHITE and THE CITY OF NEW YORK,

Defendants.

------------------------------------------------------------------------------x

**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

20 Civ. 5879 (JPC)

Defendants City of New York and Wendy White, by their attorney, Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, respond to Plaintiff's Additional Statement of Material Facts pursuant to Local Civil Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, setting forth the material facts to which they contend there is no genuine issue to be tried:[1]

19.     Defendant White, in her assignment as Deputy Warden of Security, was responsible for, inter alia, the housing of inmates. (Levine Decl., Ex. 3, 10:3 - 11:9).

*DEFENDANTS' REPLY: Defendants admit the allegations contained set forth in paragraph "19" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.*

20.     Although she was Deputy Warden of Security at AMKC, defendant White was not familiar with the names of plaintiff or any of the three inmates who assaulted him. (Levine

---

[1] Defendants adopt the facts set forth herein only for purposes of the Motion for Summary Judgment and reserve the right to present different and/or conflicting facts at any trial in this matter.  See Vasconcellos v. City of New York, 12 Civ. 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

Decl., Ex. 3, 20:15-21:17).

*DEFENDANTS' REPLY: Defendants admit the allegations contained set forth in paragraph "20" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.*

21.    Defendant White supervised the captains assigned to the area of AMKC in which Dormitory 2 Upper was located. (Levine Decl., Ex. 4, 20:25 - 21:22).

*DEFENDANTS' REPLY: Defendants admit the allegations contained set forth in paragraph "21" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.*

22.    Defendant White was unaware as to whether information from the logbook in which inmate fights were listed was entered into a computer database "daily, every two days or weekly." She examined the database once a week or once every other week. She did not make it a practice to examine the logbook. (Levine Decl. Ex. 4, 29:13 - 31:22).

*DEFENDANTS' REPLY: Defendants deny the allegations contained set forth in paragraph "22" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1. Defendants further state that the citations do not support the allegation that Defendant White "did not make it a practice to examine the logbook" and state that the statement is ambiguous to the word "practice." Defendants further state that this is not a material fact.*

23.    Defendant White was unaware of what, if any, action had been taken with regard to the inmates who had assaulted Mr. Ramlogan. (Levine Decl., Ex. 4, 37:10-13).

*DEFENDANTS' REPLY: Defendants admit the allegations contained set forth in paragraph "23" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.*

24.    There was no policy in effect at the time Mr. Ramlogan was assaulted pursuant to which an investigation into whether his assailants had previously been infracted or had previously been involved in any kind of fight would be determined. (Levine Decl., Ex. 4, 38:8

- 18).

*DEFENDANTS' REPLY: Defendants deny the allegations contained set forth in paragraph "24" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1. Defendants further state that the citations do not support the existence of a policy. Defendants further state that this is not a material fact.*

25.    When Joseph Caputo became Deputy Warden of Security at AMKC, he at first shared the title with defendant White. (Levine Decl., Ex. 5, 10:14-20).

*DEFENDANTS' REPLY: Defendants admit the allegations contained set forth in paragraph "25" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.*

26.    During the period when plaintiff was incarcerated at AMKC, that jail had both the highest number and the highest rate of serious injuries of any jail operated by the Department of Correction. (Levine Decl., Ex. 6, p.4, 20).

*DEFENDANTS' REPLY: Defendants deny the allegations contained set forth in paragraph "26" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1. Defendants further state that the citations do not support the allegation and there are no pages 4 or 20 of Exhibit 6. Defendants further state that this is not a material fact.*

27.    During the period when plaintiff was incarcerated in AMKC, Department of Correction Deputy Wardens of Security were required to complete reviews of inmate injuries within five business days of the incident.  However, they were averaging forty-one business days from the incident date to the completion of their reviews. (Levine Decl., Ex. 6, pp. 8, 20).

*DEFENDANTS' REPLY: Defendants deny the allegations contained set forth in paragraph "27" of Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1. Defendants further state that the citations do not support the allegation and there is no page 20 of Exhibit 6. Defendants further state that this is not a material fact.*

Dated: New York, NY
      September 11, 2023

                    **HON. SYLVIA O. HINDS-RADIX**
                    Corporation Counsel of the City of New York
                      *Attorney for Defendants*
                    100 Church Street, Fourth Floor
                    New York, New York 10007
                    Tel:   (212) 356-2425

                  By: *Mary K. Sherwood*
                      Mary K. Sherwood
                      *Assistant Corporation Counsel*
                      Special Federal Litigation Division

Cc: All Counsel of Record (via ECF)